# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

ERNEST M. CHAVEZ;
MYRNA CHAVEZ,

        Plaintiff(s),

vs.

CALIFORNIA RECONVEYANCE
COMPANY; WASHINGTON MUTUAL
BANK, FA,

        Defendant(s).

Case No. 2:10-cv-0325-RLH-LRL

**O R D E R**
(Motion to Set Aside or
Reconsider Order–#11)

Before the Court is Plaintiffs' one-paragraph Motion to Set Aside Order Granting Motion to Dismiss and Motion to Reconsider Such Order (#11, filed July 16, 2010). Defendant California Reconveyance Company filed an Opposition (#12). No Reply has been filed.

The motion will be denied.

Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

/ / / /

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment.  A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion.  *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

While the foregoing represents the law on reconsidering or setting aside an order, Plaintiffs one-paragraph fails to cite to any rule or case in support of their motion.  Local Rule 7-2(d) provides that failure to file points and authorities in support a motion constitutes a consent that the motion be denied.  *Abbott v. United Venture Capitol, Inc.* 718 F.Supp. 828, 831 (D. Nev. 1989).  It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law.  *United States v. Hvass*, 355 U.S. 570, 574-575 (1958); *Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995).  The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules.  *Black Unity League of Kentucky v. Miller*, 394 U.S. 100, 89 S. Ct. 766 (1969).

Although Defendant's opposition notes the failure to support the motion with points and authorities, Plaintiffs do not attempt to rectify the problem.

The only excuse for Plaintiff's failure to oppose the original motion to dismiss was a purported calendaring problem occasioned by counsel leaving the firm and the loss of counsel's calendar.  No information is provided as to when these activities occurred in relation to the failure to respond to the motion (which was filed within a month after the complaint was served).  Now, more than four months after the last appearance on behalf of Plaintiffs, counsel suggests that the Court set

aside the order so the motion can be considered on its merits.  Counsel's neglect is not excusable.  Furthermore, the Court considered the motion on its merits, carefully addressing each issue.  The motion was not granted because Plaintiffs' counsel failed to file an opposition.  It was granted because it deserved to be granted.

        Finally, Plaintiffs' counsel has proffered no basis or argument why the motion to dismiss should not have been granted.  There is no explanation of what would have been–or would be–presented in opposition to the motion to dismiss.

        IT IS THEREFORE ORDERED that Plaintiffs' Motion to Set Aside Order Granting Motion to Dismiss and Motion to Reconsider Such Order (#11) is DENIED.

        Dated: August 31, 2010.

_____
**Roger L. Hunt**
**Chief United States District Judge**